IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18- 01289 |
| | ) |
| APPROXIMATELY $19,656.00 | ) |
| IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister,

United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule

G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property for violations of 21 U.S.C. §841 *et seq.*:

> A.      Approximately $19,656.00 in United States currency seized on or about
> October 14, 2013, from Humberto Rascon-Frias and Juan Martin Gonzalez-
> Bartolo.

## THE DEFENDANT IN REM

2.      The defendants consists of the following:

A.      Approximately $19,656.00 in United States currency seized on or about
October 14, 2013, from Humberto Rascon-Frias and Juan Martin Gonzalez-
Bartolo by the Kansas City, Missouri Police Department in the Western District
of Missouri.

The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3.     Plaintiff brings this action in rem in its own right to forfeit and condemn the

defendant property.  This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4.     This Court has in rem jurisdiction over the defendant property under 28 U.S.C.

§ 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant

in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the

defendant pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because some

of the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6.     The defendant is are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6)

because it constitutes 1) money, negotiable instruments, securities and other things of value

furnished or intended to be furnished in exchange for a controlled substance in violation of the

Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money,

negotiable instruments, and securities used or intended to be used to facilitate a violation of the

Controlled Substances Act.

## FACTS

7.     Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed

facts to support a reasonable belief that the government will be able to meet its burden of proof at

trial.  Such facts and circumstances supporting the seizure and forfeiture of the defendant are

contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

2

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendant; that the defendant be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

ANNETTE GURNEY
Ks. S. Ct. No. 11602
Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
T: (316) 269-6481
F: (316) 269-6484
Annette.gurney@usdoj.gov

## **DECLARATION**

I, Brandon S. Burkhart, am a Special Agent with the Drug Enforcement Administration in

the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit

thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of October, 2018.

Brandon S. Burkhart
Special Agent
Drug Enforcement Administration

4

## AFFIDAVIT IN SUPPORT OF A COMPLAINT FOR FORFEITURE

1.       I, Brandon S. Burkhart, am a Special Agent of the Drug Enforcement Administration (DEA), United States Department of Justice. I have conducted investigations into the trafficking of narcotics set forth in the following statement of probable cause, and being duly sworn, declare and state:

2.       I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I am assigned to the DEA's Kansas City District Office. I have been a Special Agent since August, 2003. I have received over 600 hours of specialized training at the DEA Academy, Quantico, VA, in conducting narcotics investigations, including drug interdiction, identification, smuggling, clandestine manufacture of drugs, methods of packaging, distribution of drugs, undercover operations, the laundering of drug proceeds, asset forfeiture, use of confidential sources, and the legal aspects of conducting drug investigations. I have also received specialized training related to the investigation of money laundering and other financial crimes related to drug trafficking. Prior to my employment with the DEA, I worked as a Police Officer at the Kansas University Public Safety Office in Lawrence, Kansas, beginning in 2001. While so employed, I received over 400 hours of law enforcement training at the Kansas Law Enforcement Training Center, and spent 21 months in a full-time position as a police patrol Officer, during which time I periodically investigated narcotics violations.

3.       This affidavit is based on my own personal knowledge as well as information provided to me by other law enforcement agencies and officers. I have not included each and

every fact known to me concerning this investigation. I have only set forth facts sufficient to support the Complaint for Forfeiture of the following property:

> A. Approximately $19,656.00 in United States currency seized on or about October 14, 2013, from Humberto Rascon-Frias and Juan Martin Gonzalez-Bartolo.

4. On October 14, 2013, DEA agents received information that a one kilogram cocaine transaction was going to occur and that the cocaine was going to be delivered by Juan Martin Gonzalez-Bartolo, who was accompanied by Humberto Rascon-Frias.

5. On October 14, 2013, officers with the Kansas City, Missouri Police Department observed a vehicle driven by Gonzalez-Bartolo as it traveled at a slow rate of speed that impeded the flow of traffic. A computer check of the license tag indicated there was no record, and the officers made a traffic stop to verify any registration for the vehicle. Gonzalez-Bartolo did not have a valid driver's license and was arrested for driving without a license.

6. The passenger in the car was Rascon-Frias. When Rascon-Frias was contacted, he was visibly breathing heavy and shaking. The officer observed Rascon-Frias try to push a small cardboard box under the seat with his feet and also tried to conceal the box from view.

7. Gonzalez-Bartolo and Rascon-Frias gave consent for a search of the car and a K9 unit was asked to come to the scene. The K9 alerted to the order of controlled substances from Rascon-Frias's wallet which he left on the passenger seat of the car. Additionally, the K9 alerted to the box that was located on the passenger floorboard below Rascon-Frias's feet. Inside the box was a plastic wrapped package. A field test of the substance inside the wrapped package indicated a positive test for cocaine. The amount of the cocaine was approximately 1,181 grams.

8. Recovered from the inside of the car was approximately $19,656.00.

9. On December 4, 2013, Rascon-Frias was indicted in United States District of Kansas Case No. 13-20125-3-JAR with conspiracy to distribute and possess with the intent to distribute more than 50 grams of methamphetamine ( Count 1 in violation of 32 U.S.C. § 846), using a cellular telephone to facilitate the conspiracy (Count 4 in violation of 21 U.S.C. § 843(b)), distribution of more than 5 grams of methamphetamine (Count 15 in violation of 21 U.S.C. § 841), distribution of more than 50 grams of methamphetamine (Count 16 in violation of 21 U.S.C. § 841), distribution of more than 50 grams of methamphetamine (Count 17 in violation of 21 U.S.C. § 841), distribution of more than 50 grams of methamphetamine (Count 18 in violation of 21 U.S.C. § 841), distribution of more than 50 grams of methamphetamine (Count 19 in violation of 21 U.S.C. § 841), distribution of more than 50 grams of methamphetamine (Count 20 in violation of 21 U.S.C. § 841), and distribution of more than 50 grams of methamphetamine (Count 21 in violation of 21 U.S.C. § 841).

10. On October 7, 2014, Rascon-Frias entered a plea of guilty to Count 1 of the Indictment filed in Case No. 13-20125-3-JAR. In his plea agreement, the factual basis to which Rascon-Frias agreed to states that on October 14, 2013, Gonzalez Bartolo and Rascon-Frias were arrested following the attempted delivery of one kilogram of cocaine following a traffic stop conducted by the Kansas City, Missouri Police Department and officers also located approximately $19,000 cash in the vehicle. Rascon-Frias was sentenced on February 8, 2016.

11. On November 20, 2013, Gonzalez-Bartolo was indicted in United States District of Kansas Case No. 13-20124-CM with conspiracy to possess with the intent to distribute, and to distribute cocaine in violation of 21 U.S.C. § 846. On July 27, 2015, Gonzalez-Bartolo entered a plea to Count 1. In his plea agreement, the factual basis to which Gonzalez-Bartolo agreed to states that on October 14, 2013, Gonzalez Bartolo and Rascon-Frias were transporting

3

approximately one kilogram of cocaine which was located by Kansas City Missouri Police Department following a traffic stop and officers also located approximately $19,000 cash in the vehicle. Gonzalez-Bartolo was sentenced on October 27, 2015.

12.     Based on the facts contained herein, I have probable cause to believe that the currency identified in paragraph 3, above, constitutes: 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act. Accordingly, I have probable cause to believe the currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

Brandon S. Burkhart
Special Agent
Drug Enforcement Administration

Sworn and subscribed before me this 10th day of October, 2018.

NOTARY PUBLIC
STATE OF KANSAS
SANDRA K STOECKLEIN
My Commission Expires 3/23 2022

Notary Public

4